# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANETTE AMBROSCH, AND GLORIA ASENJO, individually and on behalf of the class,<br><br>Plaintiffs,<br><br>v.<br><br>CROWN ASSET MANAGEMENT, LLC,<br><br>Defendant. | Civil Action No.:<br><br><br><br><br><br>**NOTICE OF REMOVAL** |

TO:   UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, et seq., defendant CROWN ASSET MANAGEMENT, LLC ("Crown"), by and through its counsel Gordon Rees Scully Mansukhani, LLP, hereby files its Notice of Removal of the state court action styled *Nanette Ambrosch et al. v Crown Asset Management, LLC.*, Index No.: 802400/2023E, from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York. Removal is warranted under 28 U.S.C. § 1441(a) because Plaintiffs' Complaint asserts a claim arising under federal law over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331.

In support of this notice and grounds for removal, Crown states as follows:

1.   The summons and complaint (collectively, the "Complaint") in this action were filed on or about February 9, 2023. A copy of the Complaint is attached hereto as **Exhibit A**.

2.   Crown has not been served with the Complaint.

1

3. In accordance with 28 U.S.C. § 1446(a), the Complaint constitutes all of the process, pleadings, and orders served on Crown prior to the removal of this action.

4. In the Complaint, Plaintiffs Nanette Ambrosch and Gloria Asenjo ("Plaintiffs') allege that Crown violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and assert causes of action for, as enumerated by Plaintiffs, Lack of Standing or Valid Assignment, Violation of Truth in Lending Law, Unjust Enrichment, Deception, and Plain Language.

5. In the Complaint, Plaintiffs also allege suffering actual damages as a result of Crown's alleged violation of the FDCPA. *See* Exhibit A, Complaint, ¶¶ 22; and 6 of Count Two. In this regard, Plaintiffs seek compensatory damages in the amount of $100,000, punitive damages, interest and attorney's fees and costs.

## I. Jurisdictional Basis for Removal – Federal Question

6. Under 28 U.S.C. § 1331, this Court has original jurisdiction over all claims arising under the laws of the United States.

7. Here, Crown's alleged violation of the FDCPA constitutes a claim being brought under the laws of the United States.

8. Furthermore, Plaintiffs claim actual damages as a result of Crown's alleged violation of the FDCPA.

9. Accordingly, this action presents claims arising under the laws of the United States, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

## II. Removal to this Court is Otherwise Proper

10. Notice was filed prior to service of the Complaint upon Crown, and thus was timely under 28 U.S.C. § 1446(b).

11. The United States District Court for the Southern District of New York embraces the county in which the state court action is now pending, and thus this Court is the proper venue for this action.

12. In accordance with 28 U.S.C. § 1446(d), a copy of the Notice of Filing of Notice of Removal, and a copy of this Notice of Removal, is being served upon Plaintiff and filed with the Supreme Court of the State of New York, Bronx County.

13. If any questions arise as to the propriety of the removal of this action, Crown requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

14. Crown is the only named defendant in this action and consents to remove the instant action.

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Crown's rights to assert any defense or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over the person of Crown, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, or 7) any other procedural or substantive defense available under state or federal law.

**WHEREFORE**, Defendant Crown respectfully removes this action from the Supreme Court of the State of New York, Bronx County, to this Court, pursuant to 28 U.S.C. § 1441.

Dated: New York, New York
       March 27, 2023

**GORDON REES SCULLY MANSUKHANI LLP**
*Attorneys for Defendant Crown Asset Management, LLC*

By: *s/ Peter G. Siachos*

Peter G. Siachos, Esq.

One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (973) 549-2500
Email: psiachos@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that, on March 27, 2023, I electronically filed the foregoing NOTICE OF REMOVAL, with exhibits, and sent a copy of the foregoing NOTICE OF REMOVAL, with exhibits, to:

Howard Gutman, Esq.
LAW OFFICE OF HOWARD A. GUTMAN
295 Madison Avenue, Fl. 12
New York, New York 10017
Telephone: (973) 531-4110
ATTORNEY FOR PLAINTIFFS

*/s/ Peter G. Siachos*
Peter G. Siachos, Esq.